FENLY v. BOGERT.

Where the indorsers of a note signed a separate paper, binding themselves for the payment of it, the same as if regularly protested, their liability is fixed without any demand of payment, notice of non-payment or due protest.

Agreements are to be construed according to the intention of the parties, and so as to render them effective rather than nugatory.

THIS was an action of assumpsit brought to recover the amount of a promissory note, against the defendant Mills, as maker, and the defendants Bogert and Muir, as indorsers.

On the trial the defendant's counsel admitted that the signature, as maker to the note, was in the handwriting of the defendant Mills, and that the indorsement, Bogert and Muir, was in the handwriting of the defendants Bogert and Muir, and that they were copartners under that name, and also that the plaintiffs were copartners.

Thereupon the plaintiff's counsel offered to read the note in evidence. The defendant's counsel objected to the reading of the note, for the purpose of charging the indorsers, without first proving presentment, protest and notice of non-payment. The circuit judge allowed the note to be read in evidence, and the defendant's counsel excepted. The note and indorsement was thereupon read in evidence. The defendant's counsel also admitted that the defendants Bogert and Muir signed the paper, of which the following is a copy:

"We hereby bind ourselves for the payment of Oliver P. Mills' note, due this day, for twenty-seven hundred and four

and seventy-nine one-hundreths dollars, the same as if regularly protested, the said note being indorsed by us.

"NEW YORK, March 9, 1846.

"BOGERT AND MUIR."

The plaintiff's counsel here rested his case, and the defendant's counsel moved for a nonsuit as to the defendants Bogert and Muir, upon the ground that there was not sufficient evidence to charge them as indorsers, there being no proof of presentment or notice of non-payment, and they not having waived the same.

The circuit judge refused to nonsuit, and directed the jury to find a verdict for the plaintiffs. The defendant's counsel excepted to such direction, and thereupon the said jury found a verdict against the defendants.

Leave was reserved to the defendants Bogert and Muir to move to set aside the said verdict against them on a case to be made, and thereupon to move that a nonsuit be entered as to them, either party to have liberty to turn the case into a bill of exceptions or special verdict.

On a motion for a new trial, *E. W. Stoughton*, for defendants, insisted:

I. The agreement introduced was a waiver of protest only. The plaintiffs should have proved presentment of the note to the maker, and notice of non-payment to the indorsers. (17 Maine, 30, *Burnham* v. *Webster*.)

II. If this agreement is most liberally construed in favor of the plaintiffs, it, at most, waived the presentment of the note, and notice of non-payment should have been proved. (11 Wend. 629–633.)

III. If the agreement is to be construed into an absolute promise to pay the note, the indorsers, Bogert and Muir, would not be liable upon it, until it was shown that when the promise was made they knew the necessary steps to charge them, as indorsers, had not been taken.

*Mr. Ogden, contra.*

This memorandum is not a waiver merely of presentment, but is an undertaking to be liable, "the same as if regularly protested." (*Duryce* v. *Dennison*, 5 J. R. 248 ; *Larenwell* v. *White*, 1 J. C. 99.)

*Edmonds, Circuit Judge:* The whole question in this case is, what the indorsers meant by their agreement which they wrote on the note ? Did they intend thereby to make themselves liable to the same extent as if all the steps necessary to fix them as indorsers had been taken, or did they intend that the holder of the note should yet do something on his part to make them liable ?

It is contended for the defendants, that the agreement was a waiver only of a formal protest, and that demand and notice were still necessary to fix the indorsers. This argument is based on the principle that the agreement is to be strictly construed, and that it was a waiver of protest only. If the writing had been, "we waive protest," etc., the argument might have applied. But that is not the writing. It is, " we being indorsers, bind ourselves for the payment of the note, the same as if regularly protested." The rule of law applicable to the case, is that which says that agreements shall be construed according to the intent of the parties, and there can be no doubt that it was the intention of both parties to waive all that was necessary to fix the indorsers.

A formal protest was unnecessary to fix the indorsers ; it was enough that demand should be made and notice given. Yet, it is contended that the agreement intended only to waive that which was unnecessary, and to insist upon that which alone was necessary. This would render the writing entirely nugatory. But contracts must be so construed rather to give them effect than to destroy them, and the only construction which can give this writing effect, is that which regards it as a waiver of both demand and notice. It is thus alone that, by " regular protest," the indorsers would be bound for the payment of the note, and that, I apprehend, is what they intended to be.

Motion for new trial denied.